## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DIANE TRIBBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-2321-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diane Tribble brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is REVERSED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including back and neck pain, depression, polymyositis, carpal tunnel syndrome, fibromyalgia, diabetes with neuropathy, a torn rotator cuff, and asthma. After her application for DIB was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Two hearings were held in this case. The first hearing resulted in an unfavorable decision, but the Appeals Council vacated that decision and remanded the case when the record upon which the original decision was based could not be located. A second hearing before the same ALJ was held on December 1, 2011. At the time of the second hearing, Plaintiff was 52 years old. She has a high school education and past work experience as a secretary, a human resources clerk, and a shipping

clerk.  Plaintiff has not engaged in substantial gainful activity since June 1, 2001, the alleged onset date of her disability.  She remained insured for DIB through December 31, 2006.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB.  Although the medical evidence established that Plaintiff suffered from polymyositis, degenerative disc disease of the cervical and lumbar spine, borderline diabetes mellitus, history of bilateral carpal tunnel syndrome, asthma, headaches, fibromyalgia, rotator cuff injury, obesity, asthma, and depression, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as an office clerk, a telephone quotation clerk, and a charge account clerk -- jobs that exist in significant numbers in the national economy.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal district court.

In two grounds for relief, Plaintiff argues that:  (1) the ALJ's findings that she is not disabled under Listings 1.04A and 14.05 are not supported by substantial evidence; and (2) the ALJ improperly rejected her treating physician's opinion without good cause.  The issues have been fully briefed by the parties, and this matter is ripe for determination.

### Legal Standards

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).  The definition of disability under the Act is "the

inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

(1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)    an individual who does not have a "severe impairment" will not be found to be disabled;

(3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry.  *Leggett*, 67 F.3d at 564.  The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed

by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).  If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference.  *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g).  Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance."  *Leggett*, 67 F.3d at 564.  The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Among the arguments made by Plaintiff is a single ground that compels remand – the ALJ failed to properly evaluate whether she is disabled under Listing 1.04A of the social security regulations.[1]  A person is presumptively disabled under Listing 1.04A if she suffers from:

> Disorders of the spine (*e.g.*, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:

---

[1]  Because the Court remands this case for additional proceedings at step 3, it declines to reach Plaintiff's additional arguments.

> A.     Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.04.  It is the individual's burden to provide and identify medical signs and laboratory findings that support a determination that her condition satisfies *all* the criteria of the Listing.  *See McCuller v. Barnhart*, 72 F. App'x 155, 158 (5th Cir. 2003).  The ALJ in this case found that Plaintiff had severe degenerative disc disease of the cervical and lumbar spine, but that these impairments did not satisfy the requirements for presumptive disability under Listing 1.04A.  Tr. at 20, 21-22.  Plaintiff challenges this finding as not supported by substantial evidence and contends that the evidence in fact establishes that her impairments meet the criteria of Listing 1.04A.  *See* Pl. Br. at 12-15.

Where, as here, the ALJ's step 3 determination is at issue, the reviewing court must determine (1) whether the ALJ supported the step 3 determination with a discussion of the relevant evidence, and, if she failed to do so, (2) whether the ALJ's error was harmless.  *Rockey v. Comm'r of Soc. Sec. Admin.,* No. 4:12-CV-00357-DDB, 2013 WL 6823637, at *3 (E.D. Tex. Dec. 26, 2013) (citing *Audler v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007)); *see also Sutherland v. Colvin*, No. 4:12-CV-206-Y, 2013 WL 5423990, at *6-7 (N.D. Tex. Sept. 27, 2013) (ALJ is required to discuss the evidence and state the reasons for an adverse determination at step 3); *Dunn-Johnson v. Comm'r of Soc. Sec. Admin.,* No. 3:10-CV-1826-BF, 2012 WL 987534, at *6 (N.D. Tex. Mar. 22, 2012) (same).  An error is regarded as "harmless" when it does not compromise the ALJ's ultimate conclusion.  *Id.* (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).  If, however, the

evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for her step 3 decision is error that requires remand. *Id.* (citing *Audler*, 501 F.3d at 449); *Sutherland*, 2013 WL 5423990, at *7.

The ALJ determined that Plaintiff's back and neck impairments failed to meet the requirements of Listing 1.04A.  Tr. 21-22.  It was therefore incumbent upon the ALJ to discuss the relevant medical evidence and explain why she found Plaintiff not to be disabled at step 3.  *Audler*, 501 F.3d at 448.  However, the ALJ stated only that there was:

> no evidence of compromise of the nerve root of the spinal cord with
> . . . [e]vidence of nerve root compression characterized by
> neuro-anatomic distribution of pain, motor loss (atrophy with
> associated muscle weakness) accompanied by sensory or reflex loss
> and, if there is involvement of the lower back, positive straight-leg
> raising test (sitting and supine).

Tr. at 21-22.  The ALJ did not discuss any evidence in connection with her determination and simply tracked the language of the Listing as her explanation for finding Plaintiff not disabled.  Such cursory treatment of the adverse determination at step 3 constitutes legal error because it does not allow the Court to determine whether the ALJ's decision is based on substantial evidence.  *Audler*, 501 F.3d at 448 ("Although it is not always necessary that an ALJ provide an exhaustive discussion of the evidence, bare conclusions, without any explanation for the results reached, may make meaningful judicial review of the Commissioner's final decision impossible."); *Sutherland*, 2013 WL 5423990, at *6.

Nor was the ALJ's error harmless.  The record contains evidence that at least suggests Plaintiff meets the requirements of Listing 1.04A – a disorder of the spine resulting in compromise of a nerve root, with evidence of nerve root compression characterized by (1) pain, (2) motor loss,

(3) sensory or reflex loss, and (4) positive straight-leg raising.  *See* 20 C.F.R. Pt. 404, Subpt. P.,

App. 1, § 1.04.  The ALJ determined that Plaintiff suffered from degenerative disc disease of the

cervical and lumbar spine, which is an impairment specifically mentioned in the Listing.  Tr. at 20.

There is also evidence that this impairment resulted in nerve root compression.  Specifically, a 2005

cervical spine MRI showed spinal canal and foraminal stenosis with osteophytes indenting the spinal

cord.  *Id.* at 285.  A lumbar MRI performed at the same time showed a protrusion that indented the

sac containing the spinal cord.  *Id*. at 286.  A 2009 MRI showed a disc bulge in Plaintiff's cervical

spine at the C5-C6 level which impressed upon the exiting nerve root.  *Id*. at 907-08.  Further, there

is evidence that Plaintiff's impairment resulted in the disabling symptoms required by the Listing.

For example, there is evidence Plaintiff suffers from neuro-anatomic distribution of pain because her

pain radiated to her lower extremities and she was treated with an implanted cervical spinal cord

stimulator system.  *See id*. at 579-80.  The medical record further reveals that Plaintiff exhibited

weakness, a limited range of motion, and decreased sensation.  *Id.* at 279, 282, 292, 299, 485, 597,

607, 609, 616, 617, 618.  There is also evidence of positive straight-leg raising.  *Id.* at 278, 279, 299.

It thus appears Plaintiff has presented prima facie evidence indicating that she meets the criteria for

Listing 1.04A.  In the absence of a meaningful discussion of this evidence by the ALJ, however, the

Court cannot determine if the adverse step 3 finding is supported by substantial evidence.

*Sutherland*, 2013 WL 5423990, at *6 (impossible for court to determine whether the ALJ's decision

that plaintiff's impairments did not satisfy Listing 1.04(A) is supported by substantial evidence

because ALJ's decision offered nothing more than summary conclusion with no explanation of

evidence to support conclusion); *Pope v. Astrue*, No. 3:13-CV-870 DCB MTP, 2014 WL 1324063,

at *3 (S.D. Miss. Mar. 31, 2014) (same); *Hernandez v. Astrue*, No. Civ. A. 08-3420, 2009 WL 3241567, at *7 (E.D. La. Oct. 1, 2009) (same).

In an effort to avoid remand, the Commissioner points to other evidence that Plaintiff had several negative straight-leg raising tests, *see* Tr. at 282, 292, 436, 546, and that some of the instances of weakness noted in the medical records are merely reports of Plaintiff's subjective complaints, *see id.* at 392, 607. The Commissioner also notes that Plaintiff's physical examinations sometimes revealed normal range of motion, normal sensory findings, and normal reflexes. *See id.* at 289, 291, 368, 436, 485, 508, 533, 546, 552, 560, 561, 585, 593, 766, 129, 1298. The Commissioner argues that this conflicting evidence supports the determination that Plaintiff's impairments are not severe enough to meet or medically equal the criteria of Listing 1.04A. However, this Court may neither reweigh the evidence in the record nor substitute its judgment on an issue reserved to the Commissioner. Rather, the Court is limited to determining whether the ALJ's decision is supported by substantial evidence. Because the ALJ failed to discuss the evidence and explain her reasons for finding that Plaintiff did not meet the listing requirements, the Court is unable to determine whether her decision is supported by substantial evidence, and remand is required.[2] *Audler*, 501 F.3d at 448; *see also Sutherland*, 2013 WL 5423990, at *7 (remand required where ALJ summarily concluded that claimant's impairments did not meet requirements of Listing 1.04A but record included fair amount of probative evidence to support finding of disability); *Pope*, 2014 WL 1324063, at *3 (same); *Hernandez*, 2009 WL 3241567, at *7 (same).

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.

8

## <u>CONCLUSION</u>

The Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

SO ORDERED, September 29, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE